FILED

MAR 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the United States District Court

for the District of Columbia

Dennis Sobin (1718 M Street NW, #151,

Washington, DC 20036, Tel 202-393-1511)          Case No._____

      Plaintiff,

          v

Janese Bechtol (441 4th Street NW, 6th Floor,

Washington, DC 20001, Tel 202-724-7882)

 

CASE NUMBER  1:06CV00594

JUDGE: Colleen Kollar-Kotelly

Eric Olson (300 Indiana Ave. NW, Room 2002,     DECK TYPE: Civil Rights (non-employme

Washington, DC 20001, Tel 202-585-7497)         DATE STAMP: 03/30/2006

Paul Brennan (300 Indiana Ave. NW, Room 2002,

Washington, DC 20001, Tel 202-585-7497)

      Defendants.

CIVIL RIGHTS COMPLAINT

Plaintiff Dennis Sobin, pro se and in forma pauperis, files this Sec. 1983 Civil Rights

Complaint against Defendants Janese Bechtol, Eric Olson and Paul Brennan, both in their

capacity as private individuals and as government employees, who under color of state law

RECEIVED

MAR 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

denied Dennis Sobin his constitutionally-protected rights. Two counts are specified. The facts for each count are as follows:

## Count One

1. Plaintiff Sobin, a senior citizen, was the victim of theft of his inheritance while he was in prison by his adult son, Darrin Sobin, a lawyer in Washington, DC, and by Plaintiff's sister Judy Sobin.

2. Darrin Sobin responded to his father's request to communicate about stolen funds and other matters by seeking and obtaining a Civil Protection Order in DC Superior Court. In issuing the civil protection order in 2004, Superior Court Judge Jackson specifically ruled that Plaintiff Sobin could proceed with a lawsuits against his son to recover the stolen inheritance.

3. Plaintiff Sobin filed a lawsuit pro se against Darrin, only to have it dismissed without prejudice for lack of service since Darrin evaded service.

4. Plaintiff Sobin re-filed the lawsuit and prepared to find a way to serve his son. But before he could serve him, Defendant Bechtol, a prosecutor for the DC Attorney General in Washington, DC, indicted Dennis for violating the CPO by filing the lawsuits. Her allegation was that even though Judge Jackson had given Plaintiff Sobin permission to file lawsuits, the ones he filed were not motivated by valid reasons. She then wrote Plaintiff Sobin a letter stating that if he dropped the lawsuit against his son, she would drop her criminal prosecution of him (Letter by Defendant Bechtol to Dennis Sobin, dated September 24, 2004). Defendant Bechtol also sought to have the CPO modified so that Dennis could not file additional lawsuits without the court's

consent. Judge Jackson denied that request and stated his belief that Dennis Sobin had not done anything wrong by filing his two lawsuits. Ignoring the Judge's decision, Defendant Bechtol continued to prosecute Dennis Sobin for the two lawsuits he had filed..

5. With the prosecution hanging over his head, Plaintiff Sobin did not pursue the lawsuit and it was dismissed for lack of service, without prejudice..

6. On February 25, 2005, at a bench trial, Judge Jackson acquitted Plaintiff Sobin of the charge that his lawsuits had amounted to harassment in violation of the CPO.

7. The harassing actions of Bechtol amount to interference of Plaintiff's access to the courts and is a violation of his constitutional rights.

Count Two

1. In another matter, Plaintiff Dennis Sobin was placed on probation after a conviction (unrelated to the facts above and now on appeal) for violating the civil protection order that his son Darrin Sobin had filed against him. The basis for the violation was a nonthreatening conversation Plaintiff had with his son's attorney in a DC Superior Court hallway following a hearing requested by Plaintiff regarding the stolen inheritance funds that Plaintiff alleges his son and Plaintiff's sister Judy Sobin had stolen from him.

2. Plaintiff was also placed on probation and ordered to undergo a psychiatric evaluation. He completed the evaluation on August 30, 2005 with a doctor designated by Defendant Olson, Plaintiff's probation officer. The doctor said that Sobin was normal and specifically elected not to refer him for additional testing of any kind.

3. After obtaining the results, Olson asked Plaintiff if he would undergo a "sexual screening" based on allegations (including unsupported statements made by his son) that had nothing to do with the reason Plaintiff had been placed on probation. Olson said that the screening was voluntary, and that Plaintiff could either elect to do it or not do it.

4. Plaintiff responded to this invitation by saying he would speak to his pro bono attorney, Tracy Hayes, for advice. Hayes recommended against the "sexual screening" since he believed that it violated Plaintiff's right to privacy and might compromise him in some way. Plaintiff so informed Olson. Plaintiff invited Olson to speak to Hayes about it, which Olson did. After the conversation, both Hayes and Plaintiff stood firm on their decision and the matter was dropped by Olson who again said that the screening was entirely voluntary.

5. On September 19, 2005, Plaintiff filed a formal complaint against Olson for unrelated actions on Olson's part, including treating Plaintiff with disrespect, lying to him, and interfering with a lawsuit Plaintiff had filed against his son for recovery of the stolen inheritance.

6. On or about October 13, 2005, Plaintiff was called into the office of Defendant Brennan, with Defendant Olson present. Brennan expressed anger about the complaint Plaintiff had filed against his staff member and made clear that he (Brennan) and Olson would retaliate against Plaintiff for filing it. He said in an angry tone, "You don't tell us what to do! We tell you what to do!" and made other statements.

7. Subsequently, Olson informed Plaintiff that the sexual screening was no longer elective but mandatory.

8. Because of this coercion, Plaintiff underwent the sexual screening on March 13, 2006.

9. The actions of Olson and Brennan amounted to retaliation against Plaintiff for

Page 4

exercising his constitutional right to petition the government for redress of grievances without fear of retaliation.

Wherefore, Plaintiff asks for damages in the amount of $100,000 against the Defendants and any other relief that this Honorable Court deems fair and just. Plaintiff also requests that a lawyer be appointed to represent him since he cannot afford one. Finally, he asks for a jury trial.

Respectfully submitted by,

Dennis Sobin

Plaintiff, pro se

1718 M Street NW, #151, Washington, DC 20036

Tel 202-393-1511