## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DENNIS SOBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-0594 (HHK) |
| v. | ) | |
| | ) | |
| JANESE BECHTOL, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANT JANESE BECHTOL'S
## <u>MOTION TO DISMISS THE COMPLAINT</u>

Defendant Janese Bechtol ("Defendant Bechtol"), by and through undersigned counsel, moves this Honorable Court for an order of dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), in that plaintiff fails to state a claim from which relief may be granted.  In support of this motion, Defendants state the following:

1.    The complaint against Defendant Bechtol in her official capacity should be dismissed, as it is deemed a suit against the city; and

2.    Defendant Bechtol, as a prosecutor for the Office of the Attorney General for the District of Columbia, is entitled to immunity from suit.

Defendant relies upon the attached memorandum of points and authorities of law, in support of this motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____  /s/
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I
Bar Number 435163


_____  /s/
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523
Suite 6S087
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)
E-mail:  Theresa.Rowell2@dc.gov

2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this __24th___ day of July, 2006, that a copy of the foregoing

motion to dismiss and its supporting Memorandum of Points and Authorities, and the proposed

order were mailed postage prepaid to:

> Dennis Sobin
> 1718 M Street, NW
> Number 151
> Washington, DC 20036

_____/s/_____
Theresa A. Rowell
Assistant Attorney General

Filed electronically this 24th day of July.

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DENNIS SOBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-0594 (HHK) |
| v. | ) | |
| | ) | |
| JANESE BECHTOL, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

### *Preliminary Statement*

Plaintiff filed the instant lawsuit against Janese Bechtol ("Defendant"), Eric Olson, and Paul Brennan, on March 30, 2006, alleging that he was denied access to the courts.   *See* Complaint, Count I.  Specifically as against Defendant Bechtol, plaintiff alleges that in 2004, a civil protection order was filed by his son, Darrin Sobin.  Complaint Count I, ¶ 2.  When plaintiff re-filed a lawsuit against his son, Defendant, a prosecutor for the D.C. Attorney General's Office, allegedly indicted him for violating the Civil Protection Order ("CPO"), contending that the lawsuits plaintiff filed were not motivated by valid reasons. *Id.* at ¶ 4.  Defendant allegedly sought to have the CPO modified so that plaintiff could not file additional lawsuits without the court's consent. *Id.*  Plaintiff contends that Defendant continued to prosecute him and ignored the Judge's decision finding that plaintiff had not done anything wrong  by filing the two lawsuits. *Id.*  Plaintiff ultimately did not pursue the lawsuit and it was dismissed for lack of service. *Id.* at ¶ 5.

On February 25, 2005, after a bench trial, the Judge acquitted plaintiff of the charge that his lawsuits had amounted to harassment in violation of the CPO.  *Id.* at ¶ 6.  Plaintiff then filed this lawsuit, pursuant to 42 U.S.C. § 1983, alleging that  Defendant's "harassing actions," amounted to "interference of Plaintiff's access to the courts."  *Id.* at 7.  Plaintiff seeks  monetary damages.

### *Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1971).  The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery.  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party receives the benefit of all inferences that can be reasonably drawn from the allegations made in the complaint, bare conclusions of law or sweeping and unwarranted declarations of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6).  *Id.*  The court need not accept inferences drawn by plaintiff if such inferences are unsupported by facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations."  *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (1994).

*Argument*

## I.     Defendant Bechtol is entitled to dismissal in her official capacity

It is well settled in this jurisdiction that a suit against Defendant in her official capacity is treated as a suit against the District of Columbia. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 165 (*citing Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166 (*citing Brandon v. Holt,* 469 U.S. 464, 471-472 (1985). It is *not* a suit against the official personally, for the real party in interest is the entity. *Id.*

Plaintiff has sued Defendant Janese Bechtol, in her capacity as a prosecutor for the District of Columbia Attorney General's Office in Washington, D.C. *Complaint,* Count I, ¶ 4. Because plaintiff named Defendant in her official capacity, the suit against Defendant is treated as a suit against the District of Columbia. Therefore, Defendant Bechtol should be dismissed from this suit.

## II.     Defendant Bechtol is entitled to immunity from suit

Defendant Bechtol, in her capacity as an Assistant Attorney General with the Office of the Attorney General, is entitled to immunity. As a class, judges have long enjoyed absolute immunity from any lawsuit arising out of their judicial functions. *Forrester v. White,* 484 U.S. 219, 225 (1988). This immunity has been expanded to include other government officials who perform judicial or "quasi-judicial" functions. *Thomson v. Duke,* 882 F.2d 1180, 1183 (7th Cir. 1989). The D.C. Circuit Court of Appeals has held that "[t]he immunity of 'quasi-judicial' officers such as

prosecuting attorneys derives, not from their formal association with the judicial process, but from the fact that they exercise a discretion similar to that exercised by judges." *Briggs v. Goodwin*, 569 F.2d 10, 21 (D.C. Cir. 1977) (quoting *McCray v. Maryland,* 456 F.2d 1, 3-4 (4th Cir. 1972)). Immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches. *Cunningham v. D.C.*, 584 A.2d 573, 576 (D.C. 1990) (*quoting Forrester v. White,* 484 U.S. 219, 227 (1988). The Supreme Court specifically concluded that prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution and in presenting the state's case are absolutely immune from a civil suit for damages for alleged deprivations of the defendant's constitutional rights under 42 U.S.C. § 1983. *Id.* at 427 (*cf. Briggs v. Goodwin,* 569 F.2d 10 (D.C. Cir. 1977), where court found defendant was entitled only to qualified immunity because his alleged behavior – perjuring himself -- fell outside the confines of those prosecutorial activities for which *Imbler* prescribed an absolute prosecutorial immunity.)

By plaintiff's own admission, Defendant Bechtol, in this case, was performing her duties as an Assistant Attorney General. Plaintiff's son requested and was granted a CPO against plaintiff in 2004. Complaint at ¶ 2. Defendant Bechtol, in her capacity as a prosecutor for the D.C. Office of the Attorney General, District of Columbia, indicted plaintiff for violating the CPO by filing lawsuits against his son. *Id.* at ¶ 4. Plaintiff further alleges that Defendant Bechtol wrote him a letter stating that if he dropped the lawsuit against his son, she would drop the criminal prosecution ; sought to have the CPO modified so that plaintiff could not file additional lawsuits without the court's consent; and continued to prosecute plaintiff for the two lawsuits he had filed. *Id.* All of Defendant Bechtol's conduct that plaintiff complains of relates to enforcing the CPO and is well within the ambit of her duties as an Assistant Attorney General. Therefore, as

Defendant Bechtol has absolute immunity for the alleged actions described in the complaint, this case should be dismissed.

WHEREFORE, for the above-stated reasons, Defendant Bechtol requests the Court to grant her motion to dismiss.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____/s/_____
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I
Bar Number 435163


_____/s/_____
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523, Suite 6S050
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)
E-mail:  Theresa.Rowell2@dc.gov