UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS SOBIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-00594(HHK) |
| JANESE BECHTOL, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, the federal defendants, Eric Olson and Paul Brennan, employees with the Court Services and Offender Supervision Agency, by and through their undersigned attorneys, move to dismiss plaintiff's Complaint against them in their personal and official capacities. A memorandum of points and authorities and a proposed order are included with this Motion.

Date: August 23, 2006                 Respectfully Submitted,


                                      /s/ Kenneth L. Wainstein /rcl
                                      _____
                                      KENNETH L. WAINSTEIN, D.C. BAR #451058
                                      United States Attorney


                                      /s/ Rudolph Contreras
                                      _____
                                      RUDOLPH CONTRERAS, D.C. BAR #434122
                                      Assistant United States Attorney

|  |  |
|---|---|
|  | /s/ Beverly M. Russell |
|  | _____ |
| Of Counsel: | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Stephen A. Bailey | Assistant United States Attorney |
| Court Services and Offender | U.S. Attorney's Office for the |
|   Supervision Agency |   District of Columbia, Civil Division |
|  | 555 4th Street, N.W., Rm. E-4915 |
|  | Washington, D.C. 20530 |
|  | Ph: (202) 307-0492 |
|  | Fax: (202) 514-8780 |
|  | E-mail: beverly.russell@usdoj.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS SOBIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-00594(HHK) |
| JANESE BECHTOL, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE FEDERAL DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The federal defendants, Eric Olson and Paul Brennan, employees with the Court Services and Offender Supervision Agency, respectfully move to dismiss the above-captioned case. The factual and legal bases for bringing this motion are set forth below.

**I.   SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff was placed on probation after a conviction for violating a civil protection order that his son had filed against him. Pl.'s Compl. ¶ 1. Plaintiff was additionally ordered to undergo psychiatric treatment. Id. ¶ 2. According to plaintiff, the doctor stated that plaintiff was normal "and specifically elected not to refer [plaintiff] for additional testing of any kind." Id. ¶ 2. Plaintiff alleges that, after obtaining these results, defendant Olson purportedly asked plaintiff to undergo a "sexual screening" based on allegations (including statements made by plaintiff's son) unrelated to the reason why plaintiff was on probation. Id. ¶ 3. Defendant Olson informed plaintiff that the screening was voluntary. Id. After consulting with his pro bono attorney, plaintiff elected not to undergo the screening and the matter was dropped by defendant Olson. Id. ¶ 4. On September 19, 2005, plaintiff filed a formal complaint against defendant Olson for

allegedly treating plaintiff with "disrespect, lying to [plaintiff], and interfering with a lawsuit [plaintiff] had filed against his son for recovery of" an alleged stolen inheritance.  Id. ¶ 5.  Plaintiff alleges that, on or about October 13, 2005, he was called into defendant Brennan's office with defendant Olson present.  Id. ¶ 6.  Defendant Brennan allegedly expressed anger that plaintiff had filed a complaint against a staff member and purportedly made clear that he and defendant Olson would retaliate.  Id. ¶ 6.  Plaintiff was allegedly next informed by defendant Olson that the sexual screening was no longer elective but mandatory.  Id. ¶ 7.  Plaintiff underwent the sexual screening on March 13, 2006.  Id. ¶ 8.  Plaintiff alleges that the actions of the federal defendants violated his constitutional rights.  Id. ¶ 9.  He seeks damages in the amount of $100,000 and any other relief the Court deems "fair and just."  Pl.'s Compl. at 5.

II.     STANDARD OF REVIEW

    A.     Dismissal for Lack of Subject Matter Jurisdiction

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987).  Specifically, "subject matter jurisdiction deals with the power of the court to hear [a] plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power." 4 Wright & Miller:  Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.

Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, or lack thereof, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.

    **B.**    **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations.  Id.

**III.**    **ARGUMENT**

    **A.**    **Plaintiff's Suit Against Defendants Olson and Brennan In Their Official Capacity is Barred By Sovereign Immunity.**

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress.  United States v. Testan, 424 U.S. 392, 399 (1976).  The sovereign immunity of the United States protects it and its agencies and employees from suit absent an express waiver.  FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992); United States v. Mitchell, 445 U.S. 535, 538 (1980).

When a plaintiff seeks monetary relief in tort against the United States, the only possible basis for relief would be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

3

While plaintiff does not explicitly invoke the FTCA in his Complaint, an FTCA claim alleging actions by defendants Olson and Brennan should be dismissed on several bases.

First, under the plain terms of the FTCA, only the United States is a proper defendant to such a suit, not particular federal agencies or individuals. See 28 U.S.C. § 2679(a); Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction) (citing numerous cases); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employer as opposed to the United States itself must be dismissed for want of jurisdiction"); Stewart v. United States, 655 F.2d 741, 742 (7th Cir. 1981); Benham v. Rice, No. Civ. A. 0301127(HHK), 2005 WL 691871, *3 (D.D.C. March 24, 2005). Accordingly, plaintiff's tort suit against defendants Olson and Brennan in their official capacity is barred by sovereign immunity.

Second, the conduct complained of consists of purported violations of the Constitution. By its terms, the FTCA exposes the United States to liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Courts have interpreted this to mean that only claims under state law are cognizable under the FTCA, and that the United States has not rendered itself liable for constitutional tort claims. FDIC v. Meyer, 510 U.S. at 477-78 ("[b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right"); Stovall v. Veneman, 394 F.Supp.2d 21, 26 (D.D.C. 2005). The United States is therefore not liable for the constitutional torts of its employees. Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979) (FTCA does not authorize

4

suits against the United States based on a constitutional tort theory); Boda v. United States, 698 F.2d 1174, 1176 (11th Cir. 1983) (constitutional torts are barred by sovereign immunity, and the court lacks jurisdiction to consider such a claim); Watkins v. Holt, Civil Action No. 05-1565, 2006 WL 2331090 (D.D.C. Aug. 10, 2006)("The FTCA does not waive the United States' sovereign immunity for constitutional torts that may be committed by its employees"); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316-17 (D.D.C. 1985). Therefore, plaintiff's claim should be dismissed.

Further, plaintiff does not assert that he has exhausted necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim. The FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States. Absent full compliance with the conditions placed upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675, which provides, in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail</u>. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a)(emphasis added); see also GAF Corp., 818 F.2d at 904 n.7; Tanter v. Department of the Interior, 432 F.Supp.2d 58, 63 (D.D.C. 2006); Briggs v. State Dep't Fed. Credit Union, No. Civ. A. 05-1344(GK), 2006 WL 1444009, *4 (D.D.C. May 25, 2006), citing

5

Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997)(". . .prior to bringing a tort action against the United States in federal court, a claimant must first exhaust his administrative remedies. This requirement is jurisdictional rather than prudential: a district court simply has no power or authority to hear any claim governed by the FTCA unless the plaintiff has first satisfied the statute's exhaustion requirement."). This requirement is jurisdictional and cannot be waived. Hohri v. United States, 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh'g denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other grounds sub nom., United States v. Hohri, 482 U.S. 64 (1987); Briggs, 2006 WL 1444009, *4. An action cannot be maintained under the FTCA where the complaint is filed before such an administrative claim is finally denied or six months have passed. See 28 U.S.C. § 2401(b).

  Plaintiff provides no evidence that he has filed a tort claim or that it has been denied. Indeed, because plaintiff has not even alleged exhaustion, he has failed to assert facts that would state a claim within the jurisdiction of this Court. See Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999)(burden is on plaintiff to plead and prove compliance with 28 U.S.C. § 2401(b)); Bellecourt v. United States, 994 F.2d 427 (8th Cir. 1993)("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."); Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the complaint seeks recovery from the United States in tort, it was also deficient in that, apart from other considerations, it failed to allege the presentation of a claim to the appropriate Federal agency and a final disposition of the claim by that agency."); Rambarrat ex rel. Rambarrat v. United States, 347 F.Supp.2d 6, 9 (S.D.N.Y. 2004); Clayton v. Pazcoquin, 529 F. Supp. 245, 247-48 (W.D. Pa. 1981) (dismissing for lack of jurisdiction, inter alia, because the complaint did not

allege that an administrative claim was presented to the Federal agency); Campbell v. United States, 496 F. Supp. 36, 38 (E.D. Tenn. 1980) ("The complaint herein is deficient, in that it fails to aver that the required administrative procedures were timely commenced and that there has been a final disposition of the administrative claim by the appropriate agency or agencies.").

For these reasons, to the extent that plaintiff's pro se complaint is construed to include a claim under the FTCA, it should be dismissed.

### B. Defendants Olson and Brennan Are Immune From Suit in Their Individual Capacities.

#### 1. Absolute Immunity

Absolute or quasi-judicial immunity "is a complete bar to any lawsuit against a government official based on tasks the official performed that were within the scope of his duties." Pate v. U.S., 277 F.Supp.2d 1, 7 (D.D.C. 2003), citing Wagshal v. Foster, 28 F.3d 1249, 1252 (D.C.Cir. 1994). Although traditionally only applicable to judges, courts have extended absolute immunity to a "wide range of persons playing a role in the judicial process." Id. In this regard, absolute immunity has been extended to parole officials when they perform tasks that are functionally comparable to those of judges. Walrath v. United States, 35 F.3d 277 (7th Cir. 1994) (parole revocation decisions made by Commissioner and Commission staff are absolutely immune from suit); Harper v. Jeffries, 808 F.2d 281, 284 (3rd Cir. 1986) (absolute immunity for hearing examiner who conducted detention proceeding and made recommendation to parole board); Pate v. U.S., 277 F.Supp.2d 1, 7 (D.D.C. 2003); Reynolds El v. Husk, 273 F.Supp.2d 11, 13 (D.D.C. 2002); Johnson v. Hyman, Civ. A. No. 92-0606 (RCL), 1993 WL 62163 (D.D.C.

Feb. 23, 1993); Merki v. Baer, CIV. A. No. 89-0101(RCL), 1990 WL 113890 (D.D.C. July 24, 1990).

Moreover, absolute immunity has been extended to the acts of parole officers, probation officers, and other governmental officials taken at the direction of, or in order to assist, the parole board in carrying out its duties. Turner v. Barry, 856 F.2d 1539, 1541 (D.C. Cir. 1988) (probation officers absolutely immune from liability in civil rights action under §1983 for alleged errors in investigation and preparation of presentence reports); Sykes v. James, 13 F.3d 515, 521 (2d Cir. 1993) (parole officer entitled to absolute immunity in § 1983 action that officer submitted false affidavit in revocation proceeding); Dorman v. Higgins, 821 F.2d 133, 136 (2d Cir. 1987) (probation officer entitled to absolute immunity in connection with preparation of presentence reports); Timson v. Wright, 532 F.2d 552 (6th Cir. 1976); Thompson v. Sanborn, 568 F.Supp. 385, 391 (D.C.N.H. 1983).

Without question, defendants Olson and Brennan were performing functions associated with the judicial process.  In supervising plaintiff to ensure his compliance with the terms and conditions of his probation and in making recommendations as related to the requested psychosexual risk assessment (based on allegations purportedly made by plaintiff's own son, Compl. ¶ 3), they are assisting the court by notifying it of or otherwise recommending measures they believe are essential to ensure the community's safety.  Plaintiff's accusation that the defendants' actions were taken for ill-motives does not undermine the applicability of absolute immunity because the defense applies for even clearly erroneous or malicious behavior when done within the scope of duties.  Rowe v. Carson, 911 F.Supp. 389, 391 (D.Neb. 1996); Castaneira v. Ligtenberg, No. CIV 03-4167, 2006 WL 571985, *13 (D.S.D. March 7, 2006).

## 2. Qualified Immunity

In any event, defendants Olson and Brennan are entitled to qualified immunity from damages based on plaintiff's constitutional claims. See Forrester v. White, 484 U.S. 219, 230 (1988). The framework for application of qualified immunity to such claims is set out in Harlow v. Fitzgerald, 457 U.S. 800 (1982). In that case, the Supreme Court confirmed that government officials are shielded from liability for civil damages for constitutional violations insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. Id. at 818. Moreover, under Harlow this determination requires an objective, not subjective, analysis. Davis v. Scherer, 468 U.S. 183, 191 (1984); Krohn v. United States, 742 F.2d 24 (1st Cir. 1984); McSurley v. McClellan, 697 F.2d 309, 316 (D.C. Cir. 1982). Harlow thus places squarely on the plaintiff the burden of showing a "prima facie case of defendants' knowledge of impropriety, actual or constructive." Krohn, 742 F.2d at 31-32; Davis v. Scherer, 468 U.S. 183, 191 (1984). Furthermore, as the Supreme Court has held:

> Unless the plaintiffs' allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.

Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).[1]

The paramount point to keep in mind in analyzing claims such as plaintiff's, therefore, is that neither the Court nor the plaintiff can engage in an inquiry into the state of mind of defendants in resolving the "threshold" resolution of qualified immunity claims. Harlow, supra, 457 U.S. at 818. Subjective inquiries are legally irrelevant. The only inquiry of any import is

---

[1] A defendant's right is to "immunity from suit" not a "defense to liability." Id.; see also Cleavinger v. Saxner, supra, 474 U.S. at 207-208.

whether the defendant's alleged actions violated clearly established law or were objectively reasonable. Anderson v. Creighton, 483 U.S. 635, 639 (1987).

As to the "clearly established" inquiry, the defendants need not demonstrate that "the law was established in [their] favor at the time [they] acted." Rather, "[i]t is only necessary for [defendants] to show that the law was unsettled . . . not . . . that a Supreme Court opinion had specifically approved their actions." Zweibon v. Mitchell, 720 F.2d 162, 173-74 n. 19 (D.C. Cir. 1983), cert. denied, 469 U.S. 880 (1984), reh. denied, 469 U.S. 1068 (1984). "[0]nce the trial judge determines the law was not clearly established at the time the contested conduct occurred, the inquiry ceases." Id. at 168 (citing Harlow). It is irrelevant that the Court may conclude that a complaint otherwise states a claim upon which relief may be granted, or even that the plaintiff's rights were in fact violated. "The decisive fact is not that a defendant's position turned out to be incorrect, but that the question was open at the time he acted." Mitchell v. Forsyth, 472 U.S. at 535; See Butz v. Economu, 438 U.S. 478 (1978), quoting Scheurer v. Rhodes, 416 U.S. 232, 244-245 (1974); Wilson v. Layne, 526 U.S. 603, 616-616 (1999); Anderson v. Creighton, supra; Martin v. Malhoyt, 830 F.2d 237, 253 (D.C. Cir. 1987).

Furthermore, as the Supreme Court and the Court of Appeals have both stated,

> [t]he contours of the rights [the official is alleged to have violated]
> must be sufficiently clear that a reasonable officer would
> understand that what he is doing violates that right.

Anderson v. Creighton, 483 U.S. at 640; Martin v. Malhoyt, 830 F.2d at 253. Thus, the Supreme Court held in Anderson, that even though plaintiff's Fourth Amendment rights were violated in that case, the defendant officers were entitled to qualified immunity from suit individually because they acted reasonably.

In this case, defendants Olson and Brennan violated no clearly established statutory or constitutional right of plaintiff when they acted in accordance with their responsibilities and duties as community supervision officers to supervise plaintiff while on probation. Their actions in requesting the sexual screening, even if true, were eminently reasonable in light of the allegations made by plaintiff's son (Compl. ¶ 3) and likely concerns about public safety. Accordingly, this suit as against defendants Olson and Brennan should be dismissed on grounds of qualified immunity.

### C.     Plaintiff's Suit Against Defendants Olson and Brennan Should Be Dismissed for Failure to Perfect Service.

It is well-established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. See Simpkins, 108 F.3d at 369. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located, by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed.R.Civ.P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Service in this case was made at defendants' place of business. R. 3 and 4. There is no record that defendants Olson and Brennan were personally served consistent with federal or district rules. Because the record in this action is devoid of any evidence of proper personal service upon these defendants in their individual capacity, all claims against them should be dismissed.

The District Court will lack personal jurisdiction over these defendants until <u>all</u> of the provisions of Rule 4(i)(1) and (2) are met. <u>Ecclesiastical Order of the Ism of Am v. Chasin</u>, 845 F.2d 113, 116 (6th Cir. 1988); <u>Sanchez-Mariani v. Ellingwood</u>, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. See <u>Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 488 (3d Cir. 1993); <u>Lensel Lopez v. Cordero</u>, 659 F.Supp. 889, 890 (Dist. P.R. 1987). Therefore, if that cannot be demonstrated, this case should be dismissed against defendants Olsan and Brennan based upon insufficiency of service of process.

Date: August 23, 2006                               Respectfully Submitted,


                                                    /s/ Kenneth L. Wainstein /rcl
                                                    _____
                                                    KENNETH L. WAINSTEIN, D.C. BAR #451058
                                                    United States Attorney


                                                    /s/ Rudolph Contreras
                                                    _____
                                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                                    Assistant United States Attorney


                                                    /s/ Beverly M. Russell
                                                    _____
Of Counsel:                                         BEVERLY M. RUSSELL, D.C. Bar #454257
Stephen A. Bailey                                   Assistant United States Attorney
Court Services and Offender                         U.S. Attorney's Office for the
 Supervision Agency                                  District of Columbia, Civil Division
                                                    555 4th Street, N.W., Rm. E-4915
                                                    Washington, D.C. 20530
                                                    Ph: (202) 307-0492
                                                    Fax: (202) 514-8780
                                                    E-mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the *Federal Defendants' Motion to Dismiss* was made by the Court's Electronic Case Filing System and by first class, postage prepaid mail, to:

Dennis Sobin
1718 M Street, N.W., #151
Washington, D.C. 20036

and by the Court's Electronic Case Filing System to counsel for defendant Janese Bechtol:

Theresa Ann Rowell
Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Theresa.Rowell2@dc.gov

this 23rd day of August, 2006.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney